UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICKIE OWENS-BENNIEFIELD,

    Plaintiff,

v.                            Case No.: 8:17-cv-540-T-33TGW

NATIONSTAR MORTGAGE LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Nationstar Mortgage LLC's Motion to Stay and/or Abstain on TCPA Claim (Doc. # 7), filed on March 30, 2017. Pro se Plaintiff Vickie Owens-Benniefield failed to respond to the Motion. For the reasons that follow, the Motion is denied.

**I.    Background**

In January of 2008, Owens-Benniefield took out a mortgage to purchase a property in Tampa, Florida. (Doc. # 1 at ¶¶ 14-15). Owens-Benniefield struggled to pay the mortgage, so she "completed a deed in lieu of foreclosure in which the debt was forgiven by Federal Home Loan Mortgage Corporation on February 24, 2015." (Id. at ¶ 15). Owens-Benniefield received a letter, which was addressed to the Comptroller of the Currency and indicated "the Deed in Lieu

1

of Foreclosure was approved by the investor Federal Home Loan Mortgage Corporation." (Id. at ¶ 17).

Defendant Nationstar Mortgage LLC "was a party to the transaction for the Deed in Lieu as they had to execute an Assignment of Mortgage in order for the transaction to be completed on February 24, 2015." (Id. at ¶ 18). According to Owens-Benniefield, her "obligation at that point as of February 2015, was forgiven." (Id. at ¶ 19). Yet, on March 17, 2016, despite the mortgage debt having "been recorded and released by Federal Home Loan Mortgage Corporation," Nationstar began attempting to collect the debt. (Id. at ¶ 21).

Owens-Benniefield "began to receive numerous telephone calls from [Nationstar's] agents in attempts to collect a debt. . . ." (Id. at ¶ 22). Nationstar "placed multiple automated calls per day to [Owens-Benniefield's] cellular telephone for several months prior to the filing of this action." (Id. at ¶ 23). Nationstar also used a "prerecorded or artificial voice" during some phone calls. (Id. at ¶¶ 51, 52). Between March and April of 2016, Nationstar "placed at least 9 collection calls to [Owens-Benniefield's] cellular telephone." (Id. at ¶ 24). Owens-Benniefield also alleges Nationstar unlawfully sent her letters in an attempt to

2

collect the forgiven debt, reported false information about the debt to credit reporting agencies, and provided her confidential information to third parties. (Id. at ¶¶ 26-28, 30-31).

Owens-Benniefield initiated a lawsuit against Nationstar, Federal Home Loan Mortgage Corporation, Martin Z. Kessler, Esq., and Kass, Shuler, P.A., in the Thirteenth Judicial Circuit for Hillsborough County, Florida, on April 18, 2016, alleging multiple statutory and common law claims. (Doc. # 7 at 11; Doc. # 7-1 at 6-7). As of this Order, Owens-Benniefield has filed a second amended complaint in that action, which brings a single Telephone Consumer Protection Act (TCPA), 47 U.S.C. §§ 227 et seq., claim against Nationstar. (Doc. # 7-1 at 6-7). Nationstar has filed its answer and discovery is underway. (Id. at 1-4).

Then, Owens-Benniefield initiated the present action in this Court on March 6, 2017, alleging violations of the TCPA, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq., the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 et seq., and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §§ 559.55 et seq., as well as common law claims including fraud, negligence, breach of contract, and intentional infliction of emotional distress. (Doc. # 1).

3

Nationstar filed the Motion to Stay and/or Abstain on March 30, 2017. (Doc. # 7). The instant Motion requests that the Court stay Owens-Benniefield's TCPA claim pending decision of ACA International v. Federal Communications Commission, Case No. 15-1211 (D.C. Cir. 2015), by the United States Circuit Court of Appeals for the District of Columbia, or alternatively abstain from deciding the TCPA claim pending resolution of the state court action. Owens-Benniefield has not responded and the time to do so has expired.

## II. Denial of Stay Pending ACA International

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997)(citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). Deciding whether to stay a case "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-55.

This Court considers "several factors when evaluating a request for a stay, including prejudice to the non-moving party, whether the requested stay would simplify and clarify the issues, and whether the potential stay would reduce the burden of litigation on the parties and on the court." Mackiewicz v. Nationstar Mortg., LLC, No. 6:15-cv-465-Orl-

18GJK, 2015 WL 11983233, at *1 (M.D. Fla. Nov. 10, 2015)(citing Freedom Sci., Inc. v. Enhanced Vision Sys., No. 8:11-cv-1194-T-17AEP, 2012 U.S. Dist. LEXIS 11410, at *2 (M.D. Fla. Jan. 21, 2012)).

Federal courts routinely exercise their power to stay a proceeding where a pending decision in another court would "have a substantial or controlling effect on the claims and issues in the stayed case." Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist., 559 F.3d 1191, 1198 (11th Cir. 2009); see also Coatney v. Synchrony Bank, No. 6:16-cv-389-Orl-22TBS, 2016 WL 4506315, at *1 (M.D. Fla. Aug. 2, 2016)(staying TCPA case because "[t]he issue in ACA International bears directly on the instant case in that the ruling will determine whether the equipment that Defendants allegedly used to make telephone calls to Plaintiff is considered an ATDS for purposes of the TCPA").

Here, the decision of ACA International will not be dispositive. That case questions the FCC's redefinition of the term "automated telephone dialing system" (ATDS) in the agency's July 10, 2015, Order. (Doc. # 7 at 2). But, Owens-Benniefield alleges that she received calls using both an ATDS and an artificial or prerecorded voice. (Doc. # 1 at ¶¶ 23, 51-52). "Section 227 of the TCPA makes it unlawful to

5

make collection calls using an ATDS *or* an artificial or prerecorded voice, so 'plaintiffs can state a claim under the TCPA by allegin[g] the use of (1) an "artificial or prerecorded voice" or (2) an ATDS.'" Gosneigh v. Nationstar Mortg., LLC, No. 8:16-cv-3040-T-33AEP, 2017 WL 435818, at *2 (M.D. Fla. Feb. 1, 2017)(quoting Vaccaro v. CVS Pharmacy, Inc., No. 13-CV-174-IEG RBB, 2013 WL 3776927, at *1 n.2 (S.D. Cal. July 16, 2013)).

Thus, ACA International "will not affect [Owens-Benniefield's] contention that [Nationstar] called [her] using a prerecorded or automated voice, which is an independent basis for stating a claim under the TCPA." Sliwa v. Bright House Networks, LLC, No. 2:16-cv-235-FtM-29MRM, 2016 WL 3901378, at *4 (M.D. Fla. July 19, 2016)(declining to stay TCPA case pending decision of ACA International); see also Rodriguez v. DFS Servs., LLC, No. 8:15-cv-2601-T-30TBM, 2016 WL 369052, at *3 (M.D. Fla. Feb. 1, 2016)(stating ACA International did not warrant a stay because it would "have no effect on the viability of Rodriguez's lawsuit as pled in her complaint").

Also weighing against a stay is the uncertainty of when the D.C. Circuit will rule. See Mancini v. JPMorgan Chase Bank, N.A., No. 1:15-CV-61524-UU, 2016 WL 1273185, at *1 (S.D.

6

Fla. Mar. 28, 2016)(noting that "[a]ny stay would be indefinite"). Furthermore, "there is always the possibility that the D.C. Circuit's decision will be appealed to the Supreme Court, adding a further layer of indefinite — and perhaps lengthy — delay were a stay to be granted here." Schwyhart v. AmSher Collection Servs., Inc., 182 F. Supp. 3d 1239, 1243 (N.D. Ala. 2016).

Balancing these considerations, the Court determines that the TCPA claim should not be stayed pending decision of ACA International.

### III. Colorado River Abstention is not Warranted

#### A. Legal Standard

The Colorado River doctrine "addresses the circumstances in which federal courts should abstain from exercising their jurisdiction because a parallel lawsuit is proceeding in one or more state courts." Ambrosia Coal & Constr. Co. v. Pagés Morales, 368 F.3d 1320, 1327 (11th Cir. 2004). Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them, and the general rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). "And while

7

abstention as a general matter is rare, Colorado River abstention is particularly rare, permissible in fewer circumstances than are the other abstention doctrines." Jackson-Platts v. Gen. Elec. Capital Corp., 727 F.3d 1127, 1140 (11th Cir. 2013). "The principles of this doctrine 'rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" Moorer v. Demopolis Waterworks & Sewer Bd., 374 F.3d 994, 997 (11th Cir. 2004)(quoting Colorado River, 424 U.S. at 817, and emphasizing that courts "may defer to a parallel state proceeding under 'limited' and 'exceptional' circumstances").

"To determine whether abstention is merited under Colorado River, a court must decide as a threshold matter whether there is a parallel state action — that is, 'one involving substantially the same parties and substantially the same issues.'" Sini v. Citibank, N.A., 990 F. Supp. 2d 1370, 1376 (S.D. Fla. 2014)(quoting Jackson-Platts, 727 F.3d at 1140). However, the state and federal cases need not share identical parties and issues to be considered parallel for purposes of Colorado River abstention. Ambrosia Coal, 368 F.3d at 1329-30; O'Dell v. Doychak, No. 6:06-cv-677-Orl-19KRS, 2006 WL 4509634, at *6 (M.D. Fla. Oct. 20,

8

2006)("Parallel proceedings do not have to involve identical parties, issues and requests for relief.").

Assuming satisfaction of that threshold issue, the Eleventh Circuit

> has catalogued six factors that must be weighed in analyzing the permissibility of abstention, namely: (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights.

Ambrosia Coal, 368 F.3d at 1331.

"In addition, the Eleventh Circuit [has] noted two policy considerations that may influence whether a Colorado River abstention is appropriate: (1) whether the litigation is 'vexatious or reactive in nature,' and (2) whether the concurrent cases involve a federal statute that evinces a policy favoring abstention." Beepot v. J.P. Morgan Chase Nat'l Corp. Servs., Inc., No. 3:10-cv-423-J-34TEM, 2011 WL 4529604, at *8 (M.D. Fla. Sept. 30, 2011)(citing Ambrosia Coal, 368 F.3d at 1331).

Balancing all the factors must be "heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983).

Throughout this analysis, there remains a "presumption in favor of the federal court retaining jurisdiction." Am. Bankers, 891 F.2d at 885; Moses H. Cone, 460 U.S. at 25-26 ("[O]ur task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction by the federal court; rather, the task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, to justify the surrender of jurisdiction." (citation and internal quotation marks omitted)).

A stay of the parallel federal action, rather than dismissal, is the appropriate procedural mechanism when a court abstains under Colorado River. See Moorer, 374 F.3d at 998 ("We now join our sister circuits in holding that a stay, not a dismissal, is the proper procedural mechanism for a district court to employ when deferring to a parallel state-court proceeding under the Colorado River doctrine." (citation and internal quotation marks omitted)).

**B. Analysis**

Nationstar argues that the Court should abstain from Owens-Benniefield's TCPA claim, Count 7 of the Complaint, because she is already bringing a TCPA claim against Nationstar in the earlier-filed state court proceeding. (Doc. # 7 at 11). A review of the operative complaint in state

10

court, which Nationstar attaches to its Motion, reveals the TCPA claim in this action is parallel to the state court action. See (Doc. # 7-1 at 5-12); see also Navarro v. City of Riviera Beach, 192 F. Supp. 3d 1353, 1364 (S.D. Fla. 2016)(noting "courts may take judicial notice of public records, such as a pleading filed in another court, because such documents are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned'" (citation omitted)).

The second amended complaint in the state case contains only a TCPA claim against Nationstar based on the same conduct Owens-Benniefield complains of in the federal Complaint. In this action, Owens-Benniefield alleges that Nationstar violated the TCPA by making "multiple automated calls per day to [Owens-Benniefield's] cellular telephone for several months prior to the filing of this action," as well as making some calls using a "prerecorded or artificial voice." (Id. at ¶¶ 23, 51-52). Although Owens-Benniefield states she received calls for several months and at least nine calls during March of 2016, the Complaint cites to Exhibit R, a call log made by Owens-Benniefield, which reports only seven calls placed on March 17, 21, 23, 24, 25, and 30. (Doc. # 1 at 60-61). These same seven calls are listed in Owens-Benniefield's second

amended complaint as the basis for her state court TCPA claim. (Doc. # 7-1 at 15-16). Thus, some of the calls forming the basis of Owens-Benniefield's TCPA claim in this Court are the same calls underlying her state court TCPA claim. Therefore, Owens-Benniefield's TCPA claim in this action involves substantially the same parties and substantially the same issues as her state court action and is subject to the Colorado River analysis. Cf. Bosdorf v. Beach, 79 F. Supp. 2d 1337, 1344 (S.D. Fla. 1999)(staying parallel federal action under Colorado River doctrine where the "action involve[d] the exact same defendants and claims as the state action").

Next, the Court must balance the six factors to determine whether abstention is warranted. The first factor is whether one of the courts has assumed jurisdiction over property. "[W]here there is no real property at issue, this factor does not favor abstention." Jackson-Platts, 727 F.3d at 1141 (internal quotation marks omitted). Thus, this factor is neutral as neither court has assumed jurisdiction over property for the statutory TCPA claims. See Rambaran v. Park Square Enters., Inc., No. 6:08-cv-247-Orl-19GJK, 2008 WL 4371356, at *3 (M.D. Fla. Sept. 22, 2008)("Since the Court must look to the assumption of jurisdiction by the federal and state courts in the parallel proceedings, Ambrosia Coal,

368 F.3d at 1332, and neither the instant case nor the parallel state case is *in rem*, the first factor is neutral and does not weigh in favor of abstention.").

The second factor, the inconvenience of the federal forum, weighs against abstention because the federal and state courthouses are equally convenient. See (Doc. # 7 at 13 n.6)(acknowledging that both courts are equally convenient); see also Jackson-Platts, 727 F.3d at 1141 (noting that where "the federal forum and the state forum are equally convenient[,] this factor . . . cuts against abstention").

Nationstar contends the third factor, the potential for piecemeal litigation, weighs heavily in favor of abstention. (Doc. # 7 at 13). But, "this factor 'does not favor abstention unless the circumstances enveloping those cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious.'" Jackson-Platts, 727 F.3d at 1142 (quoting Ambrosia Coal, 368 F.3d at 1333). "And this factor does not favor abstention when litigation is 'inevitably piecemeal.'" Id. (quoting Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc., 743 F.2d 1519, 1525 (11th Cir. 1984)).

Here, the piecemeal nature of the litigation does not appear abnormally excessive, and the litigation is inevitably piecemeal. Neither case is great in size or complexity: the

state court proceeding involves a single TCPA claim against Nationstar. Compare Colorado River, 424 U.S. at 820 (noting the danger of piecemeal litigation in a case involving approximately 1,000 claims). And, in this Court, Owens-Benniefield brings claims under the TCPA, FDCPA, FCRA, FCCPA, and various common law causes of action. Thus, even if the Court abstained from the TCPA claim as Nationstar requests, Nationstar still must litigate regarding its conduct surrounding collection of Owens-Benniefield's debt in two fora. Nationstar will still have to engage in discovery related to Owens-Benniefield's mortgage and its communications with her. Because the litigation is inevitably piecemeal and not abnormally excessive, this factor does not weigh in favor of abstention.

Yet, the fourth factor, the order in which the fora obtained jurisdiction, weighs in favor of abstention. The state court action was filed approximately eleven months before the federal action. See (Doc. # 7 at 11). Furthermore, the state court has proceeded farther than this action, with the second amended complaint and Nationstar's answer filed and discovery underway. (Doc. # 7-1 at 1-5); see also Jackson-Platts, 727 F.3d at 1142 ("What matters is not so much the chronological order in which the parties initiated the

concurrent proceedings, but the progress of the proceedings and whether the party availing itself of the federal forum should have acted earlier." (citation and internal quotation marks omitted)).

"The fifth factor requires [the Court] to determine whether federal law or state law provides the rule of decision." Jackson-Platts, 727 F.3d at 1143. "The involvement of federal law ordinarily weighs heavily in favor of the federal court exercising jurisdiction." Bosdorf, 79 F. Supp. 2d at 1345. "However, if federal and state courts have concurrent jurisdiction over a claim, this applicable law factor becomes less significant." Id. Here, the parallel claims both arise under a federal statute — the TCPA. Because the TCPA provides for concurrent jurisdiction, Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 376 (2012), this factor weighs against abstention.

The sixth factor is the adequacy of the state forum. The Eleventh Circuit has written, "We agree with the general observation about the adequacy of the state forum, but '[t]he fact that *both* forums are adequate to protect the parties' rights merely renders this factor neutral.'" Jackson-Platts, 727 F.3d at 1143 (quoting Noonan S., Inc. v. Volusia Cty., 841 F.2d 380, 383 (11th Cir. 1988))(emphasis original). As

she failed to file a response, Owens-Benniefield has not argued that the state forum is inadequate. Thus, this factor is neutral.

Additionally, the Court considers the vexatious or reactive nature of the litigation. Nationstar argues this action is vexatious because "Owens-Benniefield filed this federal action well after the start of state court proceedings and raises the same arguments here that she raised in state court." (Doc. # 7 at 13). However, Owens-Benniefield raises numerous other claims against Nationstar in this action. The Court cannot say that Owens-Benniefield's initiation of this action was vexatious, given that she is seeking relief for other claims as well. This factor neither weighs in favor of or against abstention.

Heavily weighing the factors in favor of jurisdiction, the Court finds that abstention is inappropriate. The Court acknowledges that litigation will be piecemeal to an extent: the state and federal claims are based on some of the same phone calls made by Nationstar, and a decision by the state court could have a preclusive effect on Owens-Benniefield's TCPA claim in this Court. But, the threat of piecemeal litigation is not abnormally excessive or deleterious and thus does not favor abstention. Other factors also weigh

16

against abstention: the TCPA claims arise under federal law and both fora are equally convenient. Only one factor, the order in which the fora obtained jurisdiction, weighs in favor of abstention. Thus, the Court declines to abstain.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Nationstar Mortgage LLC's Motion to Stay and/or Abstain on TCPA Claim (Doc. # 7) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of April, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE