UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICKIE OWENS-BENNIEFIELD,

    Plaintiff,

v.                                   Case No.: 8:17-cv-540-T-33TGW

NATIONSTAR MORTGAGE LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Nationstar Mortgage LLC's Motion for More Definite Statement and/or to Dismiss (Doc. # 6), filed on March 30, 2017. Nationstar requests a more definite statement of Owens-Benniefield's claims on the grounds that the Complaint is a shotgun pleading. Alternatively, Nationstar requests dismissal, arguing that the Complaint also fails to state claims upon which relief can be granted. Pro se Plaintiff Vickie Owens-Benniefield has not filed a response, and the time to do so has expired. As such, the Court treats the Motion as unopposed.

**Discussion**

The Court agrees the Complaint is a shotgun pleading and a more definite statement of Owens-Benniefield's claims is

necessary. The Court construes pro se pleadings liberally and holds them to a less stringent standard than those drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). But, "a pro se litigant is still required to conform to procedural rules, and a district judge is not required to rewrite a deficient pleading." McFarlin v. Douglas Cty., 587 F. App'x 593, 595 (11th Cir. 2014).

Pursuant to Rule 8(a), Fed. R. Civ. P., a pleading that states a claim must contain, among other things, "a short plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Taken together, these rules "require the pleader to present his claims discretely and succinctly." Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996)(citation omitted).

Complaints that fail to plead discretely and succinctly are often shotgun complaints. The Eleventh Circuit has described four varieties of shotgun complaints: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts

2

not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

In such cases, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). A defendant faced with such a complaint is not expected to frame a responsive pleading. Id. "The Federal Rules of Civil Procedure, pertinent precedent, sound principles of litigation management, and fairness to the opposing party almost uniformly commend requiring a litigant to submit a complaint that is not a 'shotgun pleading' and that otherwise complies with the salutary rules of pleading." Stevens v. Barringer,

No. 2:11-cv-697-UA-SPC, 2013 WL 24272, at *2 (M.D. Fla. Jan. 2, 2013).

Here, the Complaint does not give Nationstar adequate notice of the claims against it. First, a major problem with Owens-Benniefield's Complaint is that she includes a section outlining nine causes of action, followed by another section listing sixteen counts. (Doc. # 1 at 4-13). It is unclear whether Owens-Benniefield is attempting to bring claims through the various causes of action as well as the listed counts, which are not identical. In her amended complaint, Owens-Benniefield should include only a list of counts so that Nationstar and the Court can clearly identify her claims.

Owens-Benniefield's Complaint is also a shotgun pleading because it contains "multiple counts where each count adopts the allegations of all preceding counts." Weiland, at 1322. Each of the nine causes of action states "The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully here." (Doc. # 1 at 4-8). As a result, each cause of action incorporates by reference all of the allegations of the previous causes of action. This is impermissible. In her amended complaint, Owens-Benniefield must incorporate only the factual allegations relevant to each separate count.

Some claims also mix references to different statutes. For example, in Counts 2 and 3 — FCRA and FDCPA claims — Owens-Benniefield asserts she is entitled to "an award of costs of litigation and reasonable fees pursuant to Fla. Stat. § 559.77." (Id. at 9). The FCRA and FDCPA are federal statutes, not subject to Florida statutes concerning attorney's fees. And, in the "Second Cause of Action," labeled as a FCRA claim, Owens-Benniefield references the FCCPA and phone calls she received to her cellphone from Nationstar attempting to collect the debt. (Id. at 4-5). In her amended complaint, Owens-Benniefield should not assert claims under more than one statute in the same count and should avoid referencing other statutes in her claims.

As the Court has determined that repleader is necessary, the Court declines to address Nationstar's alternate argument that various counts fail to state claims upon which relief can be granted. Cf. Bennett v. Nationstar Mortg., LLC, No. CV 15-00165-KD-C, 2015 WL 5294321, at *13 n.15 (S.D. Ala. Sept. 8, 2015)("The Defendants advance several arguments to dismiss the breach of contract and FDCPA claims, but the undersigned declines to address those arguments until these claims are repleaded.").

Accordingly, the Motion for More Definite Statement and/or to Dismiss is granted to the extent Owens-Benniefield may file an amended complaint by May 19, 2017. If Owens-Benniefield wishes to proceed in this action, she must familiarize herself with the Federal Rules of Civil Procedure, as well as the Local Rules of the Middle District of Florida. The Middle District of Florida's website maintains a "Proceeding without a Lawyer" page, which is a valuable resource regarding the litigation process to which Owens-Benniefield may refer, but on which she should not exclusively rely.

If Owens-Benniefield has questions about the meaning of the Court's Order, she may consult with a lawyer for free on a limited basis at the Legal Information Program operated by the Tampa Chapter of the Federal Bar Association on Tuesdays from 11:00 AM to 12:30 PM in the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602. Appointments, which are recommended but not required, can be made by calling (813) 301-5400.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Nationstar Mortgage, LLC's Motion for More Definite Statement and/or to Dismiss (Doc. # 6) is **GRANTED**.

(2) Plaintiff Vickie Owens-Benniefield may file an amended complaint by **May 19, 2017,** failing which the case will be dismissed without further notice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of April, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE